# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2013

No. 12-31139
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN MENEWEATHER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CV-2571
USDC No. 3:08-CR-261-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

John Meneweather, federal prisoner # 14134-035, was sentenced to 87 months of imprisonment on count one, possession of a firearm by a convicted felon, and 120 months of imprisonment on count three, distribution of cocaine base, to run concurrently. Meneweather seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court determined that Meneweather's § 2255 motion was time barred. Meneweather's arguments in his brief relate solely to the merits of his habeas claims. He does not address the basis of the district court's dismissal of his § 2255 motion as time barred. He offers no arguments in his brief as to why his § 2255 motion should not have been dismissed based on the AEDPA's statute of limitations. He does mention the statute of limitations issue briefly in his COA motion, stating that he was in state custody and had no way of knowing that his direct appeal was not proceeding. He states that once he was transferred into federal custody, his due diligence to perfect his appeal rights went into effect. Meneweather cites no authority for his suggestion that he was not required to exercise due diligence by checking on the status of his federal appeal while in state custody. Meneweather has abandoned this issue, and a COA is denied. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

In the district court, Meneweather argued that he should have received a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court determined that it need not resolve whether this claim under § 3582(c)(2) was untimely because it was "patently frivolous." In this court, Meneweather argues that he is entitled to a sentence reduction on his cocaine base distribution count because the Sentencing Commission lowered the ratio from 100:1 to 18:1 and based on *Dorsey v. United States,* 132 S. Ct. 2321, 2328-29 (2012). He contends that he is not disqualified from benefitting from the new rule just because he was sentenced earlier.

As the district court correctly determined, no retroactive amendment affected the calculation of Meneweather's sentence because he received a 120-month statutory minimum term of imprisonment. The district court also correctly determined that *Dorsey* did not apply and that Meneweather was not subject to the lower mandatory minimum because his offense was in 2008 and he was sentenced in 2009, before the effective date of the Fair Sentencing Act

No. 12-31139

(FSA). *See Dorsey,* 132 S. Ct. at 2335-36 (holding that the FSA applies to defendants who committed their offenses before its effective date but who were sentenced afterward). The district court did not abuse its discretion in denying Meneweather relief under § 3582(c)(2). *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

We dismissed as frivolous Meneweather's previous appeal of the district court's ruling on his earlier § 3582(c)(2) motion. *See United States v. Meneweather*, 472 F. App'x 324, 325 (5th Cir. 2012). This is Meneweather's second attempt to reduce his sentence under § 3582(c)(2) based on the FSA. We WARN Meneweather that any further repetitive and frivolous attempts to challenge this conviction and sentence will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

Meneweather's motion for a COA is DENIED, and the denial of his § 3582(c)(2) motion is AFFIRMED. SANCTION WARNING ISSUED.